Judge Mills
delivered the Opinion of the Court.
Vimont brought his action against; Coolí, and declared fon money had and received; money laid out and expended, for the use of the defendant, and goods, wares and merchandise, sold and delivered; and on the trial of the general issue, the jury found for the defendants, and judgment was rendered accordingly.
He afterwards brought this action, and declared in the same manner; and proved that since the judgment in the first action, Cook had acknowledged the justice of the same demand, for which Vimont had declared in the first action, andhad promised to pay the same, absolutely. The consideration was the same in both actions, but the promise to pay, set up in the last, was subsequent to the judgment in the first.
Cook offered the first verdict and judgment in evidence, in bar; but the court,, on motion of Vi-mont, would not permit it to be used, and the jury found a verdict for Vimont, on which judgment was rendered accordingly, to reverse which, Cook has prosecuted this Writ of error.
We have no doubt that the first verdict could have been given in evidence, under the issue of non assumpsit, without being specially pleaded, and that so far as the objection to the first record rests on this ground, it cannot be supported. The issue of non assumpsit is very broad, and permits almost every defence to be given in. evidence, which goes to show that the defendant is discharged, from the payment of the debt. Not only any thing which goes to show that the consideration is vicious, or has failed, but after the consideration is shown to be a valid one, that which tends to release the defendant from the promise, such as infancy, or a release under seal, may be relied on; and the statute of limita* lions is one of the few exceptions to this rule, A farmer recovery is within the rule.
If a defendant after verdict and judgment rendered for him, which would bar another action, acknowledge the demand was just, and promise to pay it absolutely, he is bound. Thé former judgment is no bar to an action on the new promise.
Triplett, for plaintiff; Depeio and T. #3. Marshall, for defendants.
But whether the record could be given in evidence, to bar the subsequent acknowledgment and promise to pay, is the main question to be decided, and that on njhich this cause must essentially turn, and this must rest on the question, whether the subsequent acknowledgment and engagement to pay, is a good one, on which the plaintiff may recover, although the consideration is the same on which the original promise, which was once barred, was based.
Assumpsit is said to be an equitable action, and therefore, is subject, in some manner, to the rules of moral obligation which bind the conscience; and it is a general rule, that where the consideration is a valuable and conscientious one, a promise to pay, based on it, will not only be binding, but will also remove any legal bars, which the undertaker previously had in his favor against a recovery. Thus if in conscience, a defendant ought to pay, a promise to pay, when there is a consideration, will give a remedy. If the first promise is barred by the statute of limitations, or by a discharge as a bankrupt; or the first promise was never binding, because the Undertaker Was an infantj or the like; such bars cannot be Used to avoid a subsequent promise, and the demand is then recoverable at law, because it is due in conscience. Now, by analogy to these cases, we cannot doubt, that if an undertaker gets an advantage by a verdict and judgment in his favor, either through the defect of proof in his adversary, or a legal bar, at first existing in his favor, while the demand is fair and moral, and due by the ties of conscience, and he afterwards acknowledges the Original consideration, and engages to pay for it, as in this instance, the law ought to afford a remedy against him, and ought not to permit him to shelter himself under a legal bar,'which he had previously gained, when in conscience, he ought not to have availed himself of it. On this ground, therefore, we conceive the court below was correct in rejecting the first record, and the judgment ought to be affirmed with costs and damages.